UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC JOHN WOLFGANG,                :
                                   :
    Plaintiff                      :
                                   :
v.                                 :   CIVIL NO. 4:CV-02-1680
                                   :
PENNSYLVANIA DEPARTMENT            :
OF CORRECTIONS, ET AL.,            :   (Judge McClure)
                                   :
    Defendants                     :

## MEMORANDUM

June 8, 2005

### Background

Eric John Wolfgang, an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania (SCI-Retreat), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. By Memorandum and Order dated October 27, 2003, this Court concluded that both the original and amended complaints failed to set forth Plaintiff's claims in brief, concise and understandable terms. Consequently, the Commonwealth Defendants' motion for more definite statement was granted and Plaintiff was directed to submit a second amended

1

complaint which fully complied with Federal Rule of Civil Procedure 8(e).

Pursuant to said Order, Wolfgang submitted a second amended complaint. Thereafter, by Memorandum and Order dated September 22, 2004, the claims against Defendant H.R. Nicholson Company were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, dismissal was granted in favor of the following Defendants: Pennsylvania Department of Corrections (DOC); its Secretary Jeffrey Beard; Director of Professional Responsibility H. Clifford O'Hara; Inmate Services Coordinator Donald Williamson; the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas); the Program Review Committee (PRC); Tailor Shop; Medical Department; Health Care Administrator Patricia Ginochetti; Deputy Superintendent Thomas Stachelek; Richard Holmes; Food Service Manager John Doknovitch; Grievance and Appeals Officer Thomas James; Physician Assistants Kelly Gallagher and Cheryl Wisniewski and Doctor Stanley Bohinski. Plaintiff's claims relating to: (1) imposition of fees for medical treatment; (2) loss of personal property; (3) medical treatment and (4) use of beverage bases containing Saccharine were also dismissed.

It was further decided that the following claims would proceed: (1) Plaintiff was subjected to retaliatory misconduct by Defendants Lieutenant Bleich and

2

Captain Michael Griego which included encouragement of prisoners to harass Wolfgang, poisoning of his food, failure to provide him with sufficient clothing, and removal of legal materials from his cell; (2) Grievance Coordinator Kenneth Burnett, Superintendent Thomas Lavan, Deputy Superintendent McGrady, and Program Manager Demming failed to protect Wolfgang's safety by not responding to his grievances; and (3) Defendants Counselor Diana Dean and Unit Manager Chris Putnam were deliberately indifferent to Plaintiff's safety by not enforcing a separation order regarding Inmate Antonio Howard.

Presently pending is the Commonwealth Defendants' motion seeking partial reconsideration of the Court's September 22, 2004 Memorandum and Order. See Record document no. 59. The motion has been briefed and is ripe for consideration.

**Discussion**

The Commonwealth Defendants' reconsideration motion is twofold. First, they contend that this Court erred by concluding that the claims against Defendants Burnett, Lavan, McGrady, and Demming should proceed. Second, the moving Defendants challenge the determination that the assertions against Defendants Dean and Putnam from an earlier filed complaint were sufficient to set forth constitutional

claims against those officials.

It is noted that the brief in support of the reconsideration motion concedes that the action should be permitted to proceed with respect to the retaliation claims raised against Lt. Bleich and Captain Griego.  See  Record document no. 63, p. 4.

**Standard of Review**

A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension."  See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  "Because federal courts have a strong interest in the finality of judgments,

motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

With respect to their initial argument concerning the claims against Lavan, Burnett, McGrady, and Demming, the Commonwealth Defendants acknowledge that although the brief supporting their motion to dismiss did not "mention each of the four defendants by name" it was nonetheless apparent that they were arguing that a valid Eighth Amendment claim was not stated against any Commonwealth Defendant. Record document no. 63, p. 6. They add that their arguments were not limited to any particular defendant.

Wolfgang's second amended complaint includes claims that Defendants Burnett, Lavan, McGrady, and Demming failed to protect Plaintiff's safety by not responding to his grievances. <u>See</u> Record document no. 30, ¶¶ 5, 14, 16 & 20. Those claims have been allowed to proceed. As noted above, the Commonwealth Defendants acknowledge that their motion to dismiss failed to specifically raise arguments on behalf of those four Defendants. Furthermore, based on this Court's review of the Commonwealth Defendants' motion to dismiss, there was no argument asserted therein that could be reasonably interpreted as seeking dismissal of the claims against Burnett, Lavan, McGrady, and Demming. Accordingly, this

5

Court finds no basis for reconsideration.

The Commonwealth Defendants also assert that dismissal should have been entered in favor of defendants Dean and Putnam because the allegations asserted against both officials were raised in the original complaint which was superceded by Wolfgang's second amended complaint.

It is undisputed that Wolfgang's original complaint included a claim that Defendants Dean, Putnam and Lavan failed to protect Plaintiff's safety by not keeping him separated from Inmate Howard or taking appropriate action after being told that an inmate was circulating false documents which indicated that the Plaintiff was a child molester. <u>See</u> Record document no. 1, pgs. 11 & 13. By Memorandum and Order dated October 27, 2003, Wolfgang was directed to file a second amended complaint.

In his second amended complaint, Plaintiff clearly indicated his request to proceed with the claims from his prior complaints stating that the purpose of his second amended complaint was simply to add to his original complaint. <u>See</u> Record document no. 30, ¶ 4. Wolfgang reiterated his claim that prison officials had failed to protect him from other inmates in ¶ 5 of the second amended complaint. While ¶ 20 added that Plaintiff had sent many grievances and request

slips to correctional staff, including Dean and Putnam.

The Commonwealth Defendants responded to the second amended complaint by filing a motion to dismiss. Their motion to dismiss did not include an argument that Plaintiff's second amended complaint could not incorporate by reference claims from his prior complaints. It also did not seek entry of dismissal on the basis that the second amended complaint was not in compliance with the Court's October 27, 2003 Order. Rather, the motion argued in part that Dean and Putnam were entitled to dismissal on the grounds that the "only allegations about Defendants Dean, Putnam, and James are that Wolfgang complained to these individuals after alleged wrongs were committed against him." Record document no. 47, p. 25.

This Court's Memorandum of September 22, 2004 noted that the second amended complaint summarized the claims raised in the original complaint. See Record document no. 57, p. 6. It was also observed that the Plaintiff, a pro se litigant, "did not understand the provisions of the October 27, 2003 Memorandum and Order." Id. at p. 7, n. 4. Furthermore, it addressed Dean and Putnam's argument and concluded that based on a liberal reading of the allegation that Defendants Dean and Putnam failed to take appropriate action, it appears that

7

Wolfgang has sufficiently shown personal involvement by those Defendants in conduct which could rise to the level of a constitutional violation. See id. at 21.

A reconsideration motion cannot be employed to raise arguments which were not previously asserted. As noted above, a portion of the Plaintiff's second amended complaint clearly attempted to incorporate by reference allegations contained in Plaintiff's previously filed complaints. The Commonwealth Defendants' motion to dismiss did not address that section of the second amended complaint. Furthermore, the brief in support of the motion to dismiss admits that Wolfgang "asserts multiple complaints that prison staff at SCI-Dallas failed to protect him from other inmates...." Record document no. 47, p. 1. Pursuant to the above discussion, especially noting the Plaintiff's pro se status, this Court is satisfied that the second amended complaint has sufficiently asserted that Dean and Putnam failed to protect Plaintiff's safety by not responding to his complaints including his request to be separated from Inmate Howard.

In conclusion, a review of the Commonwealth Defendants' reconsideration motion reveals that it does not contain any newly discovered precedent or evidence. Likewise, the moving Defendants have not shown that the challenged Order contained any errors of law or fact. Consequently, since this Court is

8

satisfied that its prior analysis was correct, the motion for reconsideration will be denied.

**IT IS HEREBY ORDERED THAT:**

1. The Commonwealth Defendants' motion for reconsideration (Record document no. 59) is denied.

2. All discovery shall be completed within thirty (30) days of the date of this Order.

3. Dispositive motions, if any, shall be filed within thirty (30) days of the close of discovery.

        s/ James F. McClure, Jr.
        JAMES F. McCLURE, JR.
        United States District Judge